**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIE INSURANCE COMPANY a/s/o LAUREN and ANDRE SINGLETON, Plaintiffs, v. DGL GROUP, LTD. t/a, a/k/a, d/b/a DGL USA, AMAZON.COM SERVICES, LLC, JOHN/JANE DOE, and ABC CORPORATION, Defendants. | CIVIL ACTION NO. 2:26-CV-06758 |

**AMAZON'S NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendant Amazon.com Services LLC (hereinafter, "Amazon") hereby removes the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas, Montgomery County, Case No. 2026-18564, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Amazon states as follows:

**A. Facts and Parties.**

1. On August 5, 2026, plaintiff Erie Insurance Company a/s/o Lauren and Andre Singleton (collectively, "Plaintiff") initiated this product liability action against Amazon and DGL Group, LTD t/a/, a/k/a, d/b/a DGL USA (hereinafter, "DGL") by filing a Complaint in the Pennsylvania Court of Common Pleas, Montgomery County. (*See* Ex. A, Compl.).

2. Plaintiff served a copy of its Complaint on Amazon on August 7, 2026, via first class US Mail, certified, return receipt requested. (*See* Ex. B, Affidavit of Service).

3. Plaintiff served a copy of its Complaint on DGL Group, LTD t/a/, a/k/a, d/b/a DGL USA on August 8, 2026, via first class US Mail, certified, return receipt requested. (*See* Ex. C,

Affidavit of Service).

4. This lawsuit stems from a fire that occurred on August 16, 2024 at the residence of Lauren and Andre Singleton while charging a hoverboard, resulting in alleged property damages. (*See* Ex. A, Compl., ¶¶ 28-33).

5. Plaintiff alleges that the hoverboard was purchased through Amazon's online store. (*Id.* ¶ 14).

6. Plaintiff asserts claims against Amazon and DGL sounding in negligence, strict liability, and breach of implied warranty, and seeks to recover an amount in excess of $75,000 for their claimed damages. (*See generally id.*).

7. As required by 28 U.S.C. § 1446(a), Amazon has attached to this Notice as Exhibits A, B and C, "a copy of all process, pleadings, and orders served upon" it. These documents represent every document filed in the state court action.

8. This case is properly removed to this Court under 28 U.S.C. § 1441 because Amazon has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. All non-fictitious defendants have consented to this timely removal.

**B. <u>Diversity of Citizenship is Satisfied.</u>**

10. Complete diversity exists, and at all relevant times has existed, between the parties to this action.

11. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). A limited liability

company is deemed a citizen of each of the states of which its members are citizens. *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720, 725 (E.D. Pa. 2011).

12. According to the Pennsylvania Department of State, Plaintiff, Erie Insurance Company, is a domestic business corporation organized under the laws of the State of Pennsylvania with a registered principal address of 100 Erie Insurance Place, Erie, PA, 16530. Therefore, Erie Insurance Company is a citizen of Pennsylvania.

13. Defendant Amazon.com Services LLC, is a limited liability company existing under the laws of Delaware, and its principal place of business is in Washington. Amazon.com Services LLC's sole member is Amazon.com Sales, Inc., a Delaware corporation that maintains its principal place of business in the State of Washington. Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.

14. Defendant, DGL Group, Ltd, is a New York corporation registered to do business in New Jersey with its principal place of business and a registered address for service at 2045 Lincoln Highway, Edison, NJ 08837. Therefore, DGL is a citizen of New York and New Jersey.

15. Because Plaintiff is a citizen of Pennsylvania, and the named defendants are citizens of Delaware, Washington, New York, and New Jersey, complete diversity exists.

**C. The Amount in Controversy Requirement is Satisfied.**

16. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interest.

17. To determine the amount in controversy, the Court should consider a "reasonable reading of the value of the rights being litigated" based on the allegations in the Complaint at the time of removal. *McCoy v. Progressive Ins. Co.*, 2020 U.S. Dist. LEXIS

225547, 2020 WL 7056332 (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016)).

18. In its Complaint, Plaintiff Erie alleges total property damages of $88,221.01 and that it paid $87,221.01 to its insureds under its policy as a result of the loss. (*See generally* Ex. A, Compl., at ¶ 33).

19. Therefore, the Complaint on its face establishes that Plaintiff is alleging damages in excess of $75,000.

20. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. § 1332 and 1441(b).

**E. The Procedural Requirements for Removal Are Satisfied.**

21. A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

22. Because Plaintiff served Amazon with the Complaint on August 7, 2026, this removal is timely filed, following the weekend and Labor Day holiday, on September 8, 2026.

23. This action is properly removed from the state court to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

24. This action is being removed to the United States District Court for the Eastern District of Pennsylvania as the "district court for the district and division embracing the place where such action is pending" (Montgomery County, Pennsylvania). 28 U.S.C. § 1441(a).

25. In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A).

26. Amazon and DGL have been properly served with Plaintiff's Complaint, and . Amazon has obtained consent of DGL to remove this matter, as evidenced by the attached written consent from DGL. (*See* Ex. D, Consent of DGL).

27. Amazon, as the removing Defendant, will file this Notice of Removal with the Clerk of the Pennsylvania Court of Common Pleas, Philadelphia County under 28 U.S.C. § 1446 (d) and serve a copy upon Plaintiff's counsel.

**WHEREFORE**, Amazon hereby removes this case to the United States District Court for the Eastern District of Pennsylvania, respectfully requests that no further proceedings be had in the Pennsylvania Court of Common Pleas, Montgomery County, and requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Emily J. Rogers*______________
Emily J. Rogers, Esquire
Erin W. Grewe, Esquire
Bryan H. Sullivan, Esquire
1325 Morris Drive, Suite 110
Chesterbrook, PA 19087
Tel.: 610-964-1900
Fax: 610-964-1981
Email: erogers@campbell-trial-lawyers.com
egrewe@campbell-trial-lawyers.com
bsullivan@campbell-trial-lawyers.com
*Counsel for Defendant Amazon.com Services, LLC*

Date: September 8, 2026

**CERTIFICATE OF SERVICE**

I, Bryan H. Sullivan, Esquire, do hereby certify that on September 8, 2026, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF. Said document was also sent via electronic mail to the following counsel of record:

Robert Smolen, Esquire
Gaul & Associates, P.C.
1650 Arch Street, Suite 1903
Philadelphia, PA 19103
*Attorney for Plaintiffs*

**CAMPBELL CONROY & O'NEIL, P.C.**

By: *[/s/ Emily J. Rogers]*
Emily J. Rogers, Esquire
*Counsel for Defendant Amazon.com Services, LLC*

Date: September 8, 2026